IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION     MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Helen D. Longo v. Ethicon, Inc., et al.*
Civil Action No. 2:12-cv-09266

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Renewed Motion to Dismiss Plaintiff's Complaint Due to Plaintiff's Failure to Serve a Completed PFS and Comply with the Court's Order filed by Ethicon, Inc. and Johnson and Johnson (collectively "Ethicon") on October 13, 2017. [ECF No. 37]. The plaintiff has not responded, and the deadline for responding has expired. For the reasons stated below, the Ethicon's Renewed Motion is **GRANTED**.

Ethicon's Motion arises from this court's Order [ECF No. 33], entered on September 12, 2017, denying Ethicon's first Motion to Dismiss or for Other Relief for failure to serve a Plaintiff Fact Sheet ("PFS") in compliance with Pretrial Order ("PTO") # 251. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–6 [ECF No. 33] (applying the *Wilson*

factors to the plaintiff's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of dismissal with prejudice or monetary sanctions because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 251. I afforded her 30 days from the entry of the Order to submit to Ethicon a completed PFS, with the caveat that failure to do so may result in dismissal of Ethicon as a defendant in her case upon motion by Ethicon. Despite this warning, the plaintiff has again failed to comply with this court's orders and did not provide Ethicon with her PFS within the 30-day period. Consequently, Ethicon moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiff has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissing Ethicon is now appropriate. For the reasons explained in my September 12, 2017 Order [ECF No. 33], it is **ORDERED** that the defendants' Renewed Motion to Dismiss [ECF No. 37] is **GRANTED**, and Ethicon is **DISMISSED with prejudice**. Defendants' Motion for Limited Extension of Discovery to Allow Defendants to Take the Depositions of

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

Plaintiff and her Treaters After Discovery is Closed [ECF No. 36] and Defendants' Motion for Summary Judgment on All Claims [ECF No. 39] are **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 6, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE